Lynn T. Tavenner, Esq. (VA Bar No. 30083)
Paula S. Beran, Esq. (VA Bar No. 34679)
TAVENNER & BERAN, PLC
20 North Eighth Street, 2nd Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy:  (804) 783-0178

Jeffrey N. Pomerantz, Esq.
Andrew W. Caine, Esq. (admitted pro hac vice)
Iain A. W. Nasatir, Esq. (admitted pro hac vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Telecopy:  (310) 201-0760

*Counsel to Plaintiff Alfred H. Siegel, in his capacity
as Trustee of the Circuit City Stores, Inc.
Liquidating Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 08-35653 (KRH) |
| | ) |
| CIRCUIT CITY STORES, INC., <u>et al.</u>, | ) Chapter 11 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, | ) ) Adv. Pro. No. 10-03600 ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SONY ELECTRONICS INC., A/K/A SONY AND CREDIT SUISSE LOAN FUNDING, LLC | ) ) |
| Defendants. | ) |

## THE LIQUIDATING TRUSTEE'S SECOND AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND OTHER AMOUNTS OWING TO THE ESTATE, FOR DECLARATORY RELIEF, AND OBJECTION TO CLAIM NOS. 914 AND 4139

Alfred H. Siegel, the duly appointed trustee of the Circuit City Stores, Inc.

Liquidating Trust (the "Trustee"), pursuant to the Second Amended Joint Plan of Liquidation of

Circuit City Stores, Inc. and its Affiliated Debtors and Debtors in Possession and its Official

Committee of Creditors Holding General Unsecured Claims (the "Plan"), for his Second

Amended Complaint and for his objection to proof of claim numbers 914 and 4139 (the

"Amended Complaint") against Sony Electronics Inc., A/K/A Sony and Credit Suisse Loan

Funding, LLC (collectively, the "Defendant" and each a "Defendant")[1], alleges as follows:

## NATURE OF THE ACTION

1.      The Trustee brings this action against Defendants to recover amounts due

and owing from Defendants to Circuit City under its contract with Defendant Sony Electronics,

Inc., including claims for breach of contract, unjust enrichment, turnover, account stated and

declaratory relief, (ii) seeks to avoid and recover allegedly preferential transfers to Defendant

Sony Electronics, Inc., and (iii) objects to reduce the amounts of Defendants' section 503(b)(9)

administrative priority claim and general unsecured claim, as well as seeks to offset the Debtors'

pre-petition contract claims against Defendants' 503(b)(9) claim.

## THE PARTIES

2.      The Trustee ("Trustee" or "Plaintiff") is the duly appointed trustee of the

Circuit City Stores, Inc. Liquidating Trust (the "Trust").  Pursuant to Articles II and III of the

Trust, the Trustee has the sole authority to pursue claims transferred to the Trust by the Debtors

through the Plan, and to litigate objections to claims asserted against the Debtors' estates.

---

[1]      Each Count will specifically reference the Defendant(s) against which relief is requested.

1

3.      Prior to the Effective Date of the Plan, Circuit City Stores, Inc. and its

affiliated debtors in possession (collectively "Circuit City" or the "Debtors")[2] were corporations

that maintained their respective principal places of business in the locations set forth below, and

were the debtors in the above-captioned chapter 11 bankruptcy cases.

4.      Upon information and belief, Defendant Sony Electronics Inc. is a

corporation organized under the laws of the State of Delaware, with its principal place of

business in San Diego, California.  Upon information and belief, Defendant Credit Suisse Loan

Funding, LLC is a limited liability company organized under the laws of the State of Delaware,

with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157

and 1334.

6.      This is a core proceeding under 28 U.S.C. § 157(b).

7.      Venue of these chapter 11 cases and this adversary proceeding in this

district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2]      The Debtors and the last four digits of their respective taxpayer identification numbers
are as follows: Circuit City Stores, Inc. (3875), Circuit City Stores West Coast, Inc. (0785),
InterTAN, Inc. (0875), Ventoux International, Inc. (1838), Circuit City Purchasing Company,
LLC (5170), CC Aviation, LLC (0841), CC Distribution Company of Virginia, Inc. (2821),
Circuit City Properties, LLC (3353), Kinzer Technology, LLC (2157), Abbott Advertising
Agency, Inc. (4659), Patapsco Designs, Inc.(6796), Sky Venture Corp. (0311), PRAHS,
Inc.(n/a), XSStuff, LLC (9263), Mayland MN, LLC (6116), Courchevel, LLC (n/a), Orbyx
Electronics, LLC (3360), and Circuit City Stores PR, LLC (5512).

DOCS_LA:274249.5 12304/003

8.      The statutory and legal predicates for the relief requested by the Amended

Complaint are sections 105, 502, 503, 541, 542, 547, 550, and 558 of title 11, United States Code

(the "Bankruptcy Code"), Bankruptcy Rules 3007 and 7001, and Local Bankruptcy Rule 3007-1.

## PERTINENT FACTS

### A.      General Case Background

9.      On November 10, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court for relief under chapter 11 of the Bankruptcy Code, and until the effective

date of the Plan, continued to operate as debtors in possession pursuant to Bankruptcy Code

sections 1107 and 1108.

10.     On November 12, 2008, the Office of the United States Trustee for the

Eastern District of Virginia appointed a statutory committee of unsecured creditors (the

"Creditors' Committee").

11.     On January 16, 2009, the Court authorized the Debtors to, among other

things, conduct going out of business sales at all of the Debtors' retail locations (the "Stores")

pursuant to an agency agreement (the "Agency Agreement") between the Debtors and a joint

venture, as agent (the "Agent").  On January 17, 2009, the Agent commenced going out of

business sales at the Stores pursuant to the Agency Agreement.  As of March 8, 2009, the going

out of business sales at the Debtors' stores were completed.

12.     On August 9, 2010, the Debtors and the Creditors' Committee filed the

Plan, which provides for the liquidation of the Debtors' assets and distribution of the proceeds

thereof under chapter 11 of the Bankruptcy Code.

13.     On September 10, 2010, the United States Bankruptcy Court, Eastern

District of Virginia, signed an Order confirming the Plan.

DOCS_LA:274249.5 12304/003

14.     The Plan became effective on November 1, 2010, on which date, the Trust

came into existence and assumed the rights and obligations as provided for pursuant to the terms

of the Plan and Liquidating Trust Agreement.

**B.      The Business Relationship Between Circuit City And Defendant**

15.     Prior to the commencement of these bankruptcy cases, the Debtors were a

leading specialty retailer of consumer electronics and operated large nationwide electronics

stores that sold, among other things, televisions, home theatre systems, computers, camcorders,

furniture, software, imaging and telecommunications products, and other audio and video

electronics.

16.     On January 1, 2003, Circuit City and Defendant Sony Electronics Inc.

entered into a Consumer Audio/Video Group Dealer Agreement pursuant to which Defendant

Sony Electronics Inc. sold goods to Circuit City (the "Agreement").

17.     During the course of the parties' relationship, the parties engaged in

numerous transactions pursuant to the Agreement that are reflected in invoices, communications

and other documents (collectively, the "Defendant's Agreements").  While the numerous specific

transactions, communications and other documents that underlie the specific claims for Unpaid

Obligations referenced in Paragraph 26 below fill six binders (the "Six Unpaid Obligations

Binders") and are too numerous and voluminous to detail in this complaint in conformity with

the brevity requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure, the Trustee's

counsel has previously provided Defendant's counsel with copies of (1) the Six Unpaid

Obligations Binders and (2) a spreadsheet with detail tabs tying the specific amounts claimed to

the relevant binder materials. (A true and correct copy of the spreadsheet and tabs is attached as

Exhibit B hereto).

4

18.    Circuit City purchased goods from Defendant Sony Electronics, Inc. pursuant to the Defendant's Agreements, and became entitled to recover various amounts from Defendant Sony Electronics, Inc. pursuant to the programs agreed to by the parties therein.

19.    Circuit City and Defendant Sony Electronics Inc. conducted business with one another up to the Petition Date, and thereafter, under the Defendant's Agreements.

20.    During the ordinary course of the Debtors' business, the Debtors maintained books and records of their transactions with Defendant (the "Books and Records")

21.    Upon information and belief, Defendant Credit Suisse Loan Funding, LLC purchased and/or otherwise assumed certain of the rights and obligations of Defendant Sony Electronics Inc. to Circuit City.

## C.    Amounts Allegedly Owed To Defendant And Defendant's Proofs Of Claim

### (1)    Claim No. 914

22.    On or about December 19, 2008, Defendant filed a claim in the amount $42,510,747.60 as a claim allegedly entitled to administrative priority under Bankruptcy Code section 503(b)(9) (the "503(b)(9) Claim").  The Court-appointed Claims Agent designated this claim as Claim No. 914.

23.    Defendant alleges that Claim No. 914 was based on sales of certain goods by Defendant to Circuit City during the twenty-day period prior to the Petition Date.

### (2)    Claim No. 4139

24.    On or about January 21, 2009, Defendant filed a general unsecured non-priority claim, which the Court-appointed Claims Agent designated as Claim No. 4139, and which is currently docketed in the amount of $16,059,231.15 (the "General Unsecured Claim").

5

25.     Defendant alleges that Claim No. 4139 was based on goods allegedly provided to Circuit City prior to the Petition Date.

**D.     Amounts Owed To Circuit City By Defendant**

26.     As of the date hereof, on account of the pre- and post-petition business conducted between Defendant and Circuit City pursuant to the Defendant's Agreements and as Defendant is indebted to the Debtors City on account of the following unpaid obligations (the "Unpaid Obligations") in at least the following amounts:

| | |
|---|---:|
| Chargebacks | $70,665,466.54 |
| Billbacks | 973,342.86 |
| Warranty Claims | 493,880.00 |
| Returns | 95,230.69 |
| Pricing Deductions& Shortages | 617,979.90 |
| Total AR | $72,845,899.99 |

Attached as Exhibit B hereto is a copy of an Excel spreadsheet and underlying workbooks that provide additional detail as to each of the Unpaid Obligations and which, when combined with the Six Unpaid Obligations Binders, set forth the specific bases of each of the constituent transactions comprising the Unpaid Obligations.  Based on the data in Exhibit B, it appears that the Chargebacks category can be more specifically broken down into the following subcategories and amounts: Advertising ($2,849,868.16), Audit Findings ($388,975.00), Customer Financing Funding ($2,549,961.59), Display/Endcap Support ($4,409,147.92), Freight Expense ($736,322.88), Marketing Development Funding ($6,375,641.36), Price Protection ($8,265,336.38), Rebate ($694,563.08), and Sales Based ($44,755,650.17), and (b) the Billbacks category can be more specifically broken down in the following categories and amounts: $/unit purchased ($582,112.00) and %/unit purchased ($391,230.86).

DOCS_LA:274249.5 12304/003

27.     The Unpaid Obligations are due, owing, and payable by Defendant to the Debtors.

**E.     Transfers To Defendant Made Within 90 Days Prior To The Petition Date**

28.     During the 90-day period prior to the commencement of Circuit City's bankruptcy cases (the "Preference Period"), Circuit City transferred property to or for the benefit of Defendant in an amount not less than $124,410,811.00.  A list identifying each and every transfer during the Preference Period is attached hereto as Exhibit A and incorporated herein by reference (collectively, the "Preferential Transfers").  With respect to one of these transfers -- namely, the payment to Defendant Sony Electronics, Inc. by check number 1037456 in the amount of $8,093,219.43, which cleared on November 5, 2008 – it appears from the Books and Records that the payment was for invoices for certain goods sold by Defendant Sony Electronics, Inc. to Circuit City during the twenty-day period prior to the Petition Date (the "Intended Paid Goods").  The Trustee is informed and believes and thereon alleges that, after the Petition Date, Defendant Sony Electronics, Inc. erroneously applied this payment to invoices for certain goods sold by Defendant Sony Electronics, Inc. to Circuit City far more than twenty-days prior to the Petition Date, rather than as payment for the Intended Paid Goods.  Accordingly, as alleged in Paragraph 77, infra, the Trustee requests that the 503(b)(9) Claim be reduced by the amount of check number 1037456 ($8,093,219.43).  In the alternative, however, and only if the amount of check number 1037456 cannot be deducted from the amount of the 503(b)(9) Claim, the Trustee requests it be recovered as one of the Preferential Transfers.

29.     Plaintiff acknowledges that some of the Preferential Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which the Defendant bears the

7

burden of proof under Section 547(g).  Plaintiff will work with Defendant to exchange applicable

information in an effort to resolve any and all factual issues with respect to potential defenses.

### COUNT I

### AVOIDANCE OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 547(B)
### (Solely Against Sony Electronics Inc.)

30.    The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

31.    During the Preference Period, Defendant was a creditor of one or more of

the Debtors.

32.    Each of the Preferential Transfers was made to or for the benefit of

Defendant.

33.    Each of the Preferential Transfers was made for or on account of an

antecedent debt or debts owed by one or more of the Debtors before each of the Preferential

Transfers were made.

34.    Each of the Preferential Transfers was made during the Preference Period.

35.    Each of the Preferential Transfers was made while the Debtors were

insolvent.

36.    Each of the Preferential Transfers enabled Defendant to receive more than

Defendant would have received if (i) the Debtors' chapter 11 cases were instead cases under

chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and

(iii) Defendant received payment on account of the debt paid by the Preferential Transfers to the

extent provided by the Bankruptcy Code.

DOCS_LA:274249.5 12304/003

37.     Each of the Preferential Transfers constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

## COUNT II

**RECOVERY OF PREFERENTIAL TRANSFERS**
**PURSUANT TO 11 U.S.C. § 550**
**(Solely Against Sony Electronics Inc.)**

38.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

39.     Defendant was either (i) the initial transferee of each of the Preferential Transfers, (ii) the entity for whose benefit each of the Preferential Transfers were made, or (iii) an immediate or mediate transferee of each of the Preferential Transfers.

40.     Each of the Preferential Transfers that is avoided under Section 547(b) is recoverable from Defendant Sony Electronics, Inc. pursuant to Bankruptcy Code section 550.

41.     Subject to potential defenses, the Trustee is entitled to recover the value of each of the Preferential Transfers pursuant to Bankruptcy Code section 550(a).

## COUNT III

**BREACH OF CONTRACT**
**(For Affirmative Relief, Solely Against Sony Electronics Inc.; Asserted Against Credit
Suisse Only As An Underlying Premise To Count X For Setoff)**

42.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

43.     Pursuant to the Defendant's Agreements, Defendant is obligated to pay to the Debtors the Unpaid Obligations.

44.     The Defendant's Agreements are valid and enforceable agreements against Defendant.

DOCS_LA:274249.5 12304/003

45.     The Debtors performed their obligations under the Defendant's

Agreements with respect to the Unpaid Obligations.

46.     Defendant's failure to compensate the Debtors for the Unpaid Obligations

in an amount not less than $72,845,899.99 constitutes a material breach of Defendant's

obligations under the Defendant's Agreements.

47.     As a direct and proximate result of Defendant's breaches, the Debtors

incurred damages in an amount not less than $72,845,899.99.

48.     Accordingly, the Trustee is entitled to a judgment against Defendant in an

amount not less than $72,845,899.99.

## COUNT IV

### DECLARATORY RELIEF
### (Solely Against Sony Electronics, Inc.)

49.     The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

50.     In the alternative to Count III, but without waiving any allegation with

respect thereto, the Trustee makes these additional allegations in support of Count IV.

51.     An actual, present controversy exists between the Trustee and Defendant

Sony Electronics, Inc. in that Defendant Sony Electronics, Inc. contends, inter alia, that the

Trustee is barred either from recovering the amount of the Unpaid Obligations from Defendant

Sony Electronics, Inc. or from setting off any portion of the Unpaid Obligations against Claim

No. 914 as alleged in Count X, infra, pursuant to the provisions of Rider No. 2 to the Consumer

Audio/Video Group Dealer Agreement Dated January 1, 2003 between Defendant Sony

Electronics, Inc.  and Circuit City (the "Rider").  According to Defendant Sony Electronics, Inc.,

the Rider limited Circuit City to utilizing the amount of Unpaid Obligations solely as a credit in

connection with future purchases of goods from Defendant Sony Electronics, Inc.  Copies of the

Agreement and the Rider (collectively, the "Master Dealer Agreement") are attached hereto as

Exhibits C and D, respectively.

52.     While the Trustee asserts, in the first instance, that Defendant Sony

Electronics, Inc.'s above-specified contention is not well-founded and will be rejected by this

Court, the Trustee further asserts, in the alternative, that even if Defendant Sony Electronics,

Inc.'s above-specified contentions were to be found to have merit as to all or a portion of the

Unpaid Obligations, the Trust would be entitled under the terms of the Master Dealer

Agreement, as that agreement is required to be interpreted under applicable law, to (1) sell and

assign the right to utilize the "credit" for future purchases of goods from Defendant Sony

Electronics, Inc. to a third party and/or (2) itself utilize the "credit" for purchases of goods from

Defendant Sony Electronics, Inc. for resale by the Trust.

53.     The Trustee is informed and believes and thereon alleges, that Defendant

Sony Electronics, Inc. disputes that the Trustee would be entitled to the relief suggested in above

paragraph 52.

## COUNT V

### UNJUST ENRICHMENT/QUASI CONTRACT
### (For Affirmative Relief, Solely Against Sony Electronics Inc.; Asserted Against Credit Suisse Only As An Underlying Premise To Count X For Setoff)

54.     The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

55.     In the alternative to Counts III and IV, but without waiving any allegation

with respect thereto, the Trustee makes these additional allegations in support of Count V.

11

56.     The Debtors conferred a benefit upon Defendant pursuant to the Defendant's Agreements, by, among other things, selling, marketing and distributing Defendant's goods to consumers.

57.     Defendant was well aware of, negotiated for, and knowingly accepted the benefit conferred by the Debtors.

58.     The Debtors reasonably expected to be compensated by Defendant in an amount not less than $72,845,899.99 pursuant to the various chargeback, billback and similar programs described above, on account of the benefit conferred upon Defendant and the parties negotiated agreements thereto.

59.     Defendant's receipt of benefit without just compensation to the Debtors has unjustly enriched Defendant in an amount not less than $72,845,899.99.

60.     The Trustee has no adequate remedy at law to recover the Unpaid Obligations.

61.     Accordingly, as a result of Defendant's unjust enrichment at the Debtors' expense, the Trustee is entitled to restitution from the Defendant in an amount not less than $72,845,899.99.

## COUNT VI

### TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542
### (Solely Against Sony Electronics Inc.)

62.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

DOCS_LA:274249.5 12304/003

63.     In the alternative to Counts III, IV and V, but without waiving any allegation with respect thereto, the Trustee makes these additional allegations in support of Count VI.

64.     Defendant is in possession, custody, and control of the Unpaid Obligations in an amount not less than $72,845,899.99.

65.     Defendant is not a custodian for the Unpaid Obligations.

66.     The Unpaid Obligations constitute valid and existing debts, due and owing by Defendant to the Debtors.

67.     The Unpaid Obligations are property of the Debtors' estates under section 541 of the Bankruptcy Code, and constitute debts that are matured, payable on demand, or payable on order.

68.     Defendant has not turned over or paid the Unpaid Obligations to the Debtors or the Trust.

69.     Accordingly, pursuant to Bankruptcy Code section 542, Defendant should be compelled to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $72,845,899.99.

## COUNT VII

### ACCOUNT STATED

**(For Affirmative Relief, Solely Against Sony Electronics Inc.; Asserted Against Credit Suisse Only As An Underlying Premise To Count X For Setoff)**

70.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

DOCS_LA:274249.5 12304/003

71.     In the alternative to Counts III, IV, V and VI, but without waiving any allegation with respect thereto, the Trustee makes these additional allegations in support of Count VII.

72.     One or more of the Debtors rendered invoices to the Defendant in the total amount of $72,845,899.99.

73.     Defendant has failed to pay the outstanding amount of $72,845,899.99.

74.     An account has been stated between the Debtors, which submitted the charges to Defendant, and the Defendant, whereby Defendant is indebted to the Debtors in the total amount of $72,845,899.99 pursuant to the chargebacks, billbacks and other similar programs described above.

75.     These sums remain unpaid, and the Trustee is entitled to judgment against Defendant in the amount of $72,845,899.99, plus interest.

## COUNT VIII

### OBJECTION TO CLAIM NO. 914 AS OVERSTATED
### (Against All Defendants)

76.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

77.     After a thorough review of the Debtors' Books and Records, the Trustee has determined that Claim No. 914 (the 503(b)(9) Claim) is overstated by $9,213,176.11.  The overstatement is based on two independent items.  The first is a payment by the Debtors to Defendant Sony Electronics, Inc. by check number 1037456 in the amount of $8,093,219.43, which cleared on November 5, 2008.  It appears from the Books and Records that the payment was for invoices for certain goods sold by Defendant Sony Electronics, Inc. to Circuit City

DOCS_LA:274249.5 12304/003

during the twenty-day period prior to the Petition Date (the "Intended Paid Goods").  The

Trustee is informed and believes and thereon alleges that, after the Petition Date, Defendant

Sony Electronics, Inc. erroneously applied this payment to invoices for certain goods sold by

Defendant Sony Electronics, Inc. to Circuit City far more than twenty-days prior to the Petition

Date, rather than as payment for the Intended Paid Goods.  The second basis for overstatement is

$1,119,956.87 in amounts included in the 503(b)(9) Claim for goods that Circuit City never

received, and for pricing and shortage discrepancies. (A true and correct copy of a spreadsheet

which details the specific goods that Circuit City never received and the pricing and shortage

discrepancies is attached as Exhibit E hereto.)

78.     As a result, Claim No. 914 (*i.e.* the 503(b)(9) Claim) should be reduced to

an amount not to exceed $33,297,571.49.

## COUNT IX

### OBJECTION TO CLAIM NO. 4139 AS OVERSTATED
### (Against All Defendants)

79.     The Trustee repeats and realleges each of the allegations set forth above as

if fully set forth herein.

80.     After a thorough review of the Debtors' Books and Records, the Trustee

has determined that the Claim No. 4139 (the General Unsecured Claim) is overstated by

$1,557,701.00.  In particular, Claim No. 4139 fails to account for chargebacks and reconciling

adjustments and/or provide other credits due to the Debtors. (A true and correct copy of a

spreadsheet which details the specific chargebacks, reconciling adjustments and credits due to

the Debtors is attached as Exhibit F hereto).

81.     As a result of the above, Claim No. 4139 should be reduced to an amount not to exceed $14,502,160.03.

## COUNT X

## OBJECTION TO CLAIM NO. 914 – SETOFF OF THE UNPAID OBLIGATIONS
## (Against All Defendants)

82.     The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

83.     In the alternative to Counts III, IV, V and VI but without waiving any allegation with respect thereto, the Trustee makes the following additional allegations in support of Count X.

84.     The Unpaid Obligations include $12,952,906.70 that arose from prepetition business transactions between the Debtors and Defendant.

85.     The Unpaid Obligations are debts owed by Defendant to the Debtors.

86.     Claim No. 914 also arose from prepetition business transactions between Defendant and the Debtors, and is a debt allegedly owed by the Debtors to Defendant.

87.     Consequently, under applicable law, the Debtors have established valid setoff rights.

88.     Pursuant to Bankruptcy Code section 558, the Debtors' defenses, including setoff, are preserved.

89.     Under applicable law, the prepetition Unpaid Obligations should be setoff against Claim No. 914.

90.     After setoff, Claim No. 914 should be reduced to $28,437,884.00.

16

91.   After setoff, the Unpaid Obligations should be reduced to $59,893,040.30

(the "Remaining Unpaid Obligations").

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

i.   Pursuant to Counts I and II, enter judgment against Defendant Sony Electronics Inc. under 11 U.S.C. §§ 547 and 550, avoiding and recovering for the Debtors' estate the Preferential Transfers in an amount not less than $124,410,811.00; and

ii.   Pursuant to Count III, enter judgment against Defendant Sony Electronics Inc. for breach of contract, and award the Trustee damages in an amount not less than $72,845,899.99; and

iii.   In the alternative to Count III, pursuant to Count IV, enter judgment against Defendant Sony Electronics Inc. declaring that even if Defendant Sony Electronics, Inc.'s contentions as set forth in Paragraph 52, _supra_, were to be found to have merit as to all or a portion of the Unpaid Obligations, the Trust would be entitled under the terms of the Master Dealer Agreement (1) to sell and assign the right to utilize the "credit" for future purchases of goods from Defendant Sony Electronics, Inc. to a third party and/or (2) to itself utilize that "credit" for purchases of goods from Defendant Sony Electronics, Inc. for resale by the Trust;

iv.   In the alternative to Counts III and IV, pursuant to Count V, enter judgment for unjust enrichment and award the Trustee restitution damages on account of Defendant's unjust enrichment in an amount not less than $72,845,899.99; and

v.   In the alternative to Counts III, IV and V, pursuant to Count VI, order Defendant Sony Electronics Inc. to immediately turn over and deliver to the Trustee the Unpaid Obligations in an amount not less than $72,845,899.99; and

vi.   In the alternative to Counts III, IV, V and VI, pursuant to Count VII, enter judgment against Defendant Sony Electronics Inc. for an account stated and award the Trustee damages in an amount not less than $72,845,899.99; and

vii.   Pursuant to Count VIII, reduce Claim No. 914 from the overstated amount of $42,510,747.60 to the proper amount of $33,297,571.49; and

viii.   Pursuant to Count IX, reduce Claim No. 4139 from the overstated amount of $16,059,231.15to the proper amount of $14,502,160.03; and

ix.   In the alternative to Counts III, IV, V, VI and VII, pursuant to Count X, authorize the Trustee to effect a setoff of the prepetition Unpaid Obligations against Claim No. 914, reducing it to the proper amount of $28,437,884.00; and

17

        x.     Award the Trustee prejudgment interest at the legally allowed applicable rate;

        xi.    Award the Trustee costs and expenses of suit herein; and

        xii.   Grant the Trustee such other and further relief the Court deems just and appropriate.

Dated: Richmond, Virginia       TAVENNER & BERAN, PLC
      February 5, 2014

                   */s/ Lynn L. Tavenner*
                   Lynn T. Tavenner, Esq. (VA Bar No. 30083)
                   Paula S. Beran, Esq. (VA Bar No. 34679)
                   TAVENNER & BERAN, PLC
                   20 North Eighth Street, 2nd Floor
                   Richmond, Virginia 23219
                   Telephone: (804) 783-8300
                   Telecopy:  (804) 783-0178

                   - and -

                   PACHULSKI STANG ZIEHL & JONES LLP
                   Jeffrey N. Pomerantz, Esq.
                   Andrew W. Caine, Esq. (admitted pro hac vice)
                   Iain A. W. Nasatir, Esq. (admitted pro hac vice)
                   PACHULSKI STANG ZIEHL & JONES LLP
                   10100 Santa Monica Boulevard, 13th Floor
                   Los Angeles, California 90067
                   Telephone: (310) 277-6910
                   Telecopy:  (310) 201-0760

                   *Counsel to Plaintiff Alfred H. Siegel, in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

DOCS_LA:274249.5 12304/003

## EXHIBIT A

### (Preferential Transfers)

| Vendor Name | Check Clear Date | Check Number | Paid Amount |
|---|---|---|---|
| SONY | 8/12/2008 | 424044 | $ 416.30 |
| SONY ELECTRONICS INC | 8/12/2008 | 1033427 | $ 4,035,547.99 |
| SONY ELECTRONICS INC | 8/12/2008 | 1033476 | $ 933,841.90 |
| SONY | 8/18/2008 | 424273 | $ 22.64 |
| SONY ELECTRONICS INC | 8/18/2008 | 1033717 | $ 41,307.84 |
| SONY | 8/20/2008 | 424435 | $ 17,237.90 |
| SONY | 8/22/2008 | 424586 | $ 245.55 |
| SONY | 8/22/2008 | 424587 | $ 251.99 |
| SONY | 8/25/2008 | 424869 | $ 38,968.96 |
| SONY ELECTRONICS INC | 8/27/2008 | 1034145 | $ 2,477,888.77 |
| SONY | 9/2/2008 | 424991 | $ 16,568.46 |
| SONY | 9/2/2008 | 424992 | $ 3,654.10 |
| SONY ELECTRONICS INC | 9/3/2008 | 1034311 | $ 2,109,755.01 |
| SONY ELECTRONICS INC | 9/3/2008 | 1034372 | $ 6,487,188.85 |
| SONY ELECTRONICS INC | 9/5/2008 | 1034518 | $ 3,221,059.46 |
| SONY | 9/8/2008 | 425164 | $ 18,205.48 |
| SONY | 9/8/2008 | 425165 | $ 152.99 |
| SONY | 9/8/2008 | 425166 | $ 2,321.50 |
| SONY ELECTRONICS INC | 9/8/2008 | 1034572 | $ 2,625,277.65 |
| SONY | 9/9/2008 | 425336 | $ 18,438.90 |
| SONY | 9/9/2008 | 425337 | $ 1,310.00 |
| SONY | 9/9/2008 | 425338 | $ 2,291.41 |
| SONY ELECTRONICS INC | 9/9/2008 | 1034647 | $ 2,095,928.93 |
| SONY ELECTRONICS INC | 9/9/2008 | 1034696 | $ 4,938,063.90 |
| SONY ELECTRONICS INC | 9/10/2008 | 1034756 | $ 12,528.00 |
| SONY ELECTRONICS INC | 9/11/2008 | 1034869 | $ 2,111,580.72 |
| SONY ELECTRONICS INC | 9/12/2008 | 1034931 | $ 3,553,608.73 |
| SONY ELECTRONICS INC | 9/15/2008 | 1034986 | $ 3,514,254.21 |
| SONY | 9/16/2008 | 425750 | $ 2,027.28 |
| SONY | 9/16/2008 | 425751 | $ 245.09 |
| SONY ELECTRONICS INC | 9/16/2008 | 1035057 | $ 890,151.61 |
| SONY ELECTRONICS INC | 9/16/2008 | 1035106 | $ 2,825,511.20 |
| SONY ELECTRONICS INC | 9/17/2008 | 1035166 | $ 416,730.49 |
| SONY ELECTRONICS INC | 9/18/2008 | 1035276 | $ 832,533.23 |
| SONY ELECTRONICS INC | 9/19/2008 | 1035334 | $ 2,737,174.19 |
| SONY | 9/22/2008 | 425924 | $ 6,307.96 |
| SONY | 9/22/2008 | 425925 | $ 9.00 |
| SONY | 9/22/2008 | 426090 | $ 15,105.17 |
| SONY | 9/22/2008 | 426091 | $ 58.50 |
| SONY | 9/22/2008 | 426092 | $ 1,201.73 |

| | | | | |
|---|---|---|---|---|
| SONY ELECTRONICS INC | 9/22/2008 | 1035392 | $ | 1,885,191.60 |
| SONY ELECTRONICS INC | 9/23/2008 | 1035454 | $ | 1,124,815.93 |
| SONY ELECTRONICS INC | 9/23/2008 | 1035511 | $ | 4,158,880.82 |
| SONY ELECTRONICS INC | 9/23/2008 | 1035708 | $ | 1,070,650.00 |
| SONY ELECTRONICS INC | 9/24/2008 | 1035635 | $ | 36,524,000.00 |
| SONY | 9/29/2008 | 426233 | $ | 629.99 |
| SONY ELECTRONICS INC | 9/29/2008 | 1035762 | $ | 3,687,542.91 |
| SONY | 9/30/2008 | 426465 | $ | 31,400.06 |
| SONY | 9/30/2008 | 426466 | $ | 152.99 |
| SONY ELECTRONICS INC | 9/30/2008 | 1035791 | $ | 2,567,563.06 |
| SONY ELECTRONICS INC | 9/30/2008 | 1035818 | $ | 508,510.22 |
| SONY ELECTRONICS INC | 10/1/2008 | 1035927 | $ | 804,701.95 |
| SONY ELECTRONICS INC | 10/2/2008 | 1036025 | $ | 238,800.53 |
| SONY | 10/3/2008 | 425749 | $ | 652.34 |
| SONY | 10/6/2008 | 426616 | $ | 2,961.83 |
| SONY | 10/6/2008 | 426617 | $ | 328.50 |
| SONY ELECTRONICS INC | 10/6/2008 | 1036065 | $ | 1,193,324.72 |
| SONY ELECTRONICS INC | 10/6/2008 | 1036103 | $ | 2,938,902.80 |
| SONY | 10/7/2008 | 426753 | $ | 28,244.40 |
| SONY | 10/7/2008 | 426754 | $ | 118.80 |
| SONY | 10/7/2008 | 426896 | $ | 4,010.59 |
| SONY ELECTRONICS INC | 10/7/2008 | 1036160 | $ | 2,463,030.33 |
| SONY ELECTRONICS INC | 10/7/2008 | 1036213 | $ | 5,629,426.15 |
| SONY ELECTRONICS INC | 10/8/2008 | 1036269 | $ | 887,569.93 |
| SONY ELECTRONICS INC | 10/9/2008 | 1036376 | $ | 988,844.00 |
| SONY | 10/14/2008 | 426923 | $ | 2,330.19 |
| SONY | 10/14/2008 | 427053 | $ | 420.02 |
| SONY | 10/14/2008 | 427080 | $ | 14,268.80 |
| SONY ELECTRONICS INC | 10/14/2008 | 1036468 | $ | 7,909,645.91 |
| SONY ELECTRONICS INC | 10/15/2008 | 1036530 | $ | 1,394,347.11 |
| SONY ELECTRONICS INC | 10/15/2008 | 1036577 | $ | 5,386,661.84 |
| SONY ELECTRONICS INC | 10/15/2008 | 1036690 | $ | 1,059,137.02 |
| SONY ELECTRONICS INC | 10/16/2008 | 1036720 | $ | 366,972.52 |
| SONY ELECTRONICS INC | 10/17/2008 | 1036769 | $ | 4,514,513.91 |
| SONY ELECTRONICS INC | 10/20/2008 | 1036819 | $ | 2,567,997.72 |
| SONY | 10/21/2008 | 427372 | $ | 29,823.88 |
| SONY | 10/21/2008 | 427373 | $ | 3,394.24 |
| SONY ELECTRONICS INC | 10/21/2008 | 1036865 | $ | 2,496,622.81 |
| SONY ELECTRONICS INC | 10/21/2008 | 1036907 | $ | 3,036,240.66 |
| SONY ELECTRONICS INC | 10/24/2008 | 1037076 | $ | 4,128,289.83 |
| SONY | 10/27/2008 | 427574 | $ | 395.30 |
| SONY | 10/27/2008 | 427575 | $ | 1,861.44 |
| SONY ELECTRONICS INC | 10/27/2008 | 1037119 | $ | 2,219,229.72 |
| SONY | 10/28/2008 | 427735 | $ | 12,268.33 |
| SONY | 10/28/2008 | 427736 | $ | 1,870.00 |
| SONY ELECTRONICS INC | 10/28/2008 | 1037169 | $ | 1,183,879.98 |
| SONY ELECTRONICS INC | 10/28/2008 | 1037205 | $ | 4,815,300.70 |
| SONY | 11/3/2008 | 428118 | $ | 20,683.78 |
| SONY | 11/3/2008 | 428119 | $ | 858.71 |

| SONY ELECTRONICS INC. | 11/5/2008 | 1037456 | $ | 8,093,219.24 |
|---|---|---|---|---|
| | | | | $124,410,811.00 |